## Case No. 16,951.

### In re VINTON.

.[7 N. B. R. 138.] [1]

District Court, D. Rhode Island.　July 13, 1872.

BANKRUPTCY — DISCHARGE — CONSENT OF CREDITORS.

Where the proceeds of a bankrupt's assets exceeded the amount of the claims proved against his estate, but after the payment therefrom of costs and expenses the amount remaining may not equal fifty per centum of said claims, *held*, that the bankrupt was not entitled to a discharge under the amendatory act of July 27, 1868 [15 Stat. 227], unless the assent of a majority of his creditors, in number and in value, were shown.

[Cited in Re Waggoner, 5 Fed. 917.]

In bankruptcy.

KNOWLES, District Judge. The question arising upon this application is in short this: Is a bankrupt entitled to a discharge, when (as is the fact in this case), although the gross assets realized by his assignee exceeded the amount of the claims proved against the firm of which he was a member, the net of said assets proved insufficient to pay a dividend of fifty per cent. upon said claims? I am not aware that in this district, or indeed, in this circuit, this question has before been raised. It has, however, arisen in other districts, as appears from reported cases, to some of which it may be well here to refer. In support of a negative answer may be cited opinions of Nelson, J., of the Minnesota district, in Re Freiderick [Case No. 5,092]; In re Graham [Id. 5,661]; and an opinion of Blatchford, J., of the New York district, in Re Webb [Id. 17,314], and in support of an affirmative answer, an opinion of Hopkins, J., of the Wisconsin district, in Re Kahley [Id. 7,594], where in his reasons for dissenting from the views of Nelson, J., are presented with a fullness and clearness that leaves little or nothing to be said by those of his brethren of the bench who shall adopt his construction of the act of July 27, 1868, amendatory to the bankrupt act [of 1867 (14 Stat. 517)]. He holds and rules that the clear intention of the amendment was to relieve the bankrupt of the costs and expenses of the proceedings. If the estate realised a sum equal to fifty per cent., he should be discharged, whether it went to the payment of costs and expenses or to his creditors. "We must presume," he argues,

"that congress meant to make some change in favor of the bankrupt," and adds, if the construction which he deprecates is adopted, the bankrupt is "effectually deprived of any substantial benefit or advantage conferred upon him, or intended to be given him by the amendment." The argument of the learned judge strikes one as almost or quite conclusive, until the amendatory act is subjected to a more searching analysis than it seems to have received at his hands. The law, as originally enacted. is as follows: "And, in all proceedings in bankruptcy, commenced after one year from the time this act shall go into operation, no discharge shall be granted to a debtor whose assets do not pay fifty per cent. of the claims against his estate, unless the assent in writing of a majority in number and value of his creditors who have proved their claims is filed in the case at or before the time of application for discharge." 14 Stat. 533. The amendatory act of July 27. 1868 (15 Stat. 227), was as follows: "In all proceedings in bankruptcy commenced after the first day of January, eighteen hundred and sixty-nine. no discharge shall be granted to a debtor whose assets shall not be equal to fifty per cent. of the claims proved against his estate, upon which he shall be liable as the principal debtor. unless the assent in writing of a majority in number and value of his creditors to whom he shall have become liable as a principal debtor. and who shall have proved their claims, be filed in the case. at or before the time of the hearing of the application for discharge." Now. under the original act, it was requisite that the bankrupt's estate or assets should pay fifty per cent. of the amount of claims proved against it, irrespective of the nature of the claims (as preferred. and to be paid in full, or unpreferred), and irrespective also of the character in which the debts were contracted by the bankrupt (whether as principal debtor, or as an endorser, surety or guarantor); while the amendment, it is seen, radically changes the law in these particulars. while it also in effect postpones its operations for a period of six months. Under the original act it is manifest that the net assets are the assets to be estimated. Are we to assume that under the amendment gross assets, and not net are referred to? If only by thus construing the act could we find that the bankrupt is favored or benefited by the amendment (as is argued by Hopkins, J.), we might feel constrained to adopt his construction. But this, it is apparent. is not the fact. Under the amendment, no matter what the amount of the preferred claims (as debts to employés), and no matter what the amount of claims proven by holders of endorsed or guaranteed paper,—if his assets are equal to fifty per cent. of the debts proved against him as principal debtor, the bankrupt is entitled to his discharge.

On the whole I incline to adopt and follow the ruling of Nelson, J., and accordingly decline to grant the discharge prayed for. unless the certificate from creditors contemplated by the statute shall be filed by the petitioner, within a reasonable time.

---

[1] [Reprinted by permission.]